IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

JOHNNY JESSE NEWMAN, #167 422        *

    Petitioner,                                             *

    v.                                                              *         1:10-CV-811-ID
                                                                       (WO)

GARY HETZEL, WARDEN, *et al*.,         *

    Respondents.                                        *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Johnny Newman on September 22, 2010.[1] In this petition, Petitioner challenges his conviction for capital murder entered against him by the Circuit Court for Houston County, Alabama, on February 13, 1992. On March 4, 1992, the trial court sentenced Petitioner to life imprisonment without the possibility of parole. The Alabama Court of Criminal Appeals reversed Petitioner's conviction on November 25, 1992. The appellate court determined that the prosecution violated *Batson v. Kentucky*, 476 U.S. 79 (1986), by the manner in which it exercised its peremptory jury strikes. After the Court of

---

[1] Although the present petition was stamped "filed" in this court on September 24, 2010, the petition was signed by Petitioner on September 22, 2010. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Newman] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers September 22, 2010 as the date of filing.

Criminal Appeals overruled the State's application for rehearing on January 22, 1993, the State sought certiorari review in the Alabama Supreme Court. *See Newman v. State*, 667 So.2d 132 (1993). On May 21, 1993 the Alabama Supreme Court reversed and remanded the Court of Criminal Appeals' November 25, 1992 decision, concluding that the State had not committed a *Batson* violation. On July 7, 1995 the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Petitioner's 1992 capital murder conviction. On November 17, 1995 the Alabama Supreme Court denied certiorari review. *See Newman v. State*, 728 So.2d 672 (Ala. 1998); (*Doc. No. 15, Exhs. 1, 2, 3.*) By operation of law, Petitioner's conviction became final on February 15, 1996.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions as it was not filed within the one-year "grace period" allowed in this Circuit. *See* 28 U.S.C. § 2244(d)(1).[2] Specifically, Respondents assert that because Petitioner's conviction became final before the effective date of the AEDPA, he had until April 24, 1997 in which to file a § 2254 petition. (*Doc. No. 15.*) Although Petitioner filed a state post-conviction petition on September 11, 1997 challenging his capital murder conviction, this action had no effect on the limitation period as this collateral challenge was filed after the federal limitation period had already expired. Because Petitioner's direct appeal proceedings became final prior to April 24, 1996, he had until April 24, 1997 to

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

challenge his 1992 capital murder conviction.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner was convicted of capital murder in the Circuit Court for Houston County, Alabama, on February 13, 1992, and sentenced to life imprisonment without the possibility of parole on March 4, 1992. Petitioner filed a direct appeal. The Alabama Court of Criminal Appeals reversed Petitioner's conviction on November 25, 1992. The Alabama Supreme Court reversed and remanded the Court of Criminal Appeal's decision on May 21, 1993. On July 7, 1995 the Alabama Court of Criminal Appeals affirmed Petitioner's conviction and sentence. The Alabama Supreme Court denied certiorari review on November 17, 1995, *see Newman v. State*, 728 So.2d 672, and the Alabama Court of Criminal Appeals issued a certificate of judgment that day. (*See Doc. No. 15, Exh. 10.*) By operation of law, Petitioner's 1992 conviction for capital murder became final on February 15, 1996 -- ninety days after the Alabama Supreme Court denied certiorari -- as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed

3

within 90 days of the action undertaken by such state court).

In light of the foregoing, it is clear that Petitioner's capital murder conviction became final prior to enactment of the AEDPA. Thus, if the AEDPA were applied retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Petitioner's conviction on February 15, 1997. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Newman], whose convictions became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date."

Petitioner's capital murder conviction became final on February 15, 1996. The applicable limitation period therefore began to run on April 24, 1996 upon enactment of the AEDPA and ran uninterrupted until its expiration. In light of the foregoing, the time allowed Petitioner for the filing of a federal habeas petition expired on April 24, 1997.[3] The instant

---

[3] As previously noted, Petitioner filed his first Rule 32 petition on September 11, 1997, *see Newman v. State*, 728 So.2d 672 and *Document No. 15, Exh. 5*, after the federal limitation period had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("even 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there

habeas petition was filed on September 22, 2010.  Under the circumstances of this case as outlined herein, the reasonable time period afforded Petitioner under *Goodman* and *Wilcox* expired over thirteen (13) years prior to Petitioner filing his federal habeas petition.  Accordingly, it is

ORDERED that on before **December 21, 2010** Petitioner shall show cause why the instant petition for federal habeas corpus relief should not be dismissed as it was not filed within a reasonable time after enactment of the AEDPA.

DONE, this 30th day of November 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

is no period remaining to be tolled."). The records filed in this matter reflect that following the conclusion of Petitioner's first post-conviction proceedings, he filed four additional Rule 32 petitions. (*See Doc. No. 15, Exhs. 8, 9, 10, 11*.)