IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

JOHNNY JESSE NEWMAN, #167 422           *

    Petitioner,                                      *

    v.                                              *     1:10-CV-811-ID
                                                                  (WO)
GARY HETZEL, WARDEN, *et al.*,          *

    Respondents.                              *

_____

**ORDER ON MOTION**

Petitioner has filed a request that inmate Alvin Daniels be permitted and authorized to act as "next friend" in this action. In support of this request, Petitioner submits the following:

> 1. [Petitioner] is mentally incompetent and lack[s] the capacity to litigate under the law.
> 2. By reasons of his mental infirmity he is incapable of properly caring for his own interest in this litigation.
> 3. [Petitioner] is currently under psychiatric care of Dr. Cogen at the W.E. Donaldson Correctional Facility, and ha[s] been taking psychiatric medication for several years.
> 4. Without legal inmate assistance provided by Alvin H. Daniels, [Petitioner] would be unable to prosecute this action.
> 5. The interest of justice would best be served by the granting of this motion, and the appointment of counsel.
> 6. Alvin H. Daniels is a[n] inmate at the W.E. Donaldson Correctional Facility, and is responsible for the drafting of all the pleadings filed by [Petitioner].
> 7. Not only is [Petitioner] mentally incompetent, he is unable to comprehend the litigation in this case without being assisted by persons in the prison who seek to provide legal assistance for him.

(*Doc. No. 27 at pgs. 1-2.*)

In habeas corpus cases, courts have long permitted a next friend to proceed on behalf of a prisoner who is unable to seek relief himself. *See* 28 U.S.C. § 2242. Next friend standing, however, is not without limit. *See Whitmore v. Arkansas,* 495 U.S. 149 (1990). The *Whitmore* Court held that next friend status is not automatically conferred on one who wishes to pursue an action on behalf of another. *Id*. at 163. Rather, the Court held that "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [he] seeks to litigate," *i.e.,* have some "significant relationship" with the real party in interest, and "the 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163-64; *see also Gilmore v. Utah,* 429 U.S. 1012 (1976) (recognizing the presence of due interest and significant relationship to confer *jus tertii* standing upon the mother of a prisoner). The burden is on the "next friend" to justify his status and, thereby, to obtain the jurisdiction of the federal courts. *See Whitmore,* 495 U.S. at 164.

The court finds that inmate Daniels has not shown that he has any relationship to Petitioner other than being a fellow inmate at the Donaldson Correctional Facility. *See Lonchar v. Zant,* 978 F.2d 637, 641 (11th Cir. 1992) ("Then, the next friend must show some relationship or other evidence that would suggest that the next friend is truly dedicated to the interests of the real party in interest."..."Kellogg, as Lonchar's sister, is sufficiently dedicated to the interests of her brother."); *Hauser ex rel. Crawford v. Moore,* 223 F.3d 1316, 1322

2

(11th Cir. 2000) ("The most logical 'next friend' is Hauser's court-appointed counsel" from prior proceedings). Further, while inmate Daniels states that he seeks to act on Petitioner' behalf  based on Petitioner's alleged mental incompetence, such conclusory statements do not satisfy the requirement that Petitioner lacks the mental capacity to bring his own action.[1]

In light of the foregoing, the court finds that inmate Daniels lacks standing to litigate on behalf of Petitioner.  Accordingly,  it is

ORDERED that Petitioner's motion authorizing inmate Alvin Daniels to proceed in Next Friend status in this action  (*Doc. No. 27*) be and is hereby DENIED.

DONE, this 28th day of February, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] According to the records filed in this matter, it was not until Petitioner filed his third post-conviction petition in July of 2006 that the issue of his mental competence was raised. In that proceeding, he alleged that the trial court was without jurisdiction to render judgment or impose sentence because he was incompetent to stand trial.  In denying the petition, the Alabama Court of Criminal Appeals noted that "[a]lthough [Petitioner] alleged facts regarding his treatment at a mental-health center in 1984, those facts – low intelligence and a possible personality disorder – are not the equivalent of incompetence. In addition, [Petitioner] failed to allege any facts in his petition indicating that when he went to trial in 1992, eight years after his treatment at the mental-health center, he was incompetent." (*Doc. No. 15, Exh. 10*.)  The record is devoid of any new affidavits or reports regarding the current state of Petitioner's mental competency.