IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY JESSE NEWMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV. ACT. NO.  1:10CV811-MHT-SRW |
| | )           (WO) |
| GARY HETZEL, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Johnny Jesse Newman, a state prisoner, on September 22, 2010.[1]  In this petition,

Newman challenges the conviction for capital murder imposed upon him by the Circuit Court

of Houston County, Alabama in 1992.  On March 4, 1992, the trial court sentenced Newman

to life imprisonment without the possibility of parole.  The Alabama Court of Criminal

Appeals determined that the prosecution violated *Batson v. Kentucky*, 476 U.S. 79 (1986),

---

[1] Although the Clerk stamped the present petition "filed" on September 24, 2010, Newman certified
that he executed the petition on September 22, 2010.  Thus, this is the earliest date Newman could have
deposited the petition in the prison mail system for transmission to this court. The law is well settled that a
pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v.
Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999);
*Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison
logs or other records, [this court] must assume that [the instant habeas petition] was delivered to prison
authorities the day [Newman] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir.
2001).  In light of the foregoing, the court considers September 22, 2010, as the date of filing.

by the manner in which it exercised its peremptory strikes and reversed Newman's conviction on November 25, 1992. *See Newman v. State*, 667 So.2d 132 (1993). The Alabama Supreme Court, however, reversed and remanded the Alabama Court of Criminal Appeals' 1992 decision, concluding that the State did not commit a *Batson* violation. On July 7, 1995, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Newman's 1992 capital murder conviction. On November 17, 1995, the Alabama Supreme Court denied certiorari review. *See Newman v. State*, 728 So.2d 672 (Ala. 1998). Thus, Newman's conviction became final in February of 1996.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant federal habeas petition is barred by the limitation period applicable to 28 U.S.C. § 2254 petitions as Newman failed to file his petition within the grace period adopted by the Eleventh Circuit.[2] Specifically, the respondents maintain that because the challenged convictions became final in 1996, before the effective date of the AEDPA, and Newman filed no state post-conviction petition challenging his conviction during the running of the relevant period of limitation Newman had until April 24, 1997 in which to file a § 2254 petition. *Respondents' Answer - Court Doc. No. 15* at pp. 13, 15-17; *Wilcox*, 158 F.3d

---

[2]The Anti-Terrorism and Effective Death Penalty Act [the "AEDPA"] sets forth a one-year period of limitation applicable to the filing of federal habeas petitions. This Act became effective on April 24, 1996. The Eleventh Circuit, however, adopted a "grace period" for petitioners whose convictions became final prior to enactment of the AEDPA which allows such persons a reasonable time of "one year from the AEDPA's effective date"-- April 24, 1997 -- to file a federal habeas petition. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

at 1211; *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). Although Newman filed a state post-conviction petition pursuant to ALA.R.CRIM.P. 32 in September 1997, this action had no effect on the running of the federal limitation period, as Newman filed the petition after expiration of the limitation period and such action therefore was not "pending" during the requisite time period which is required by the provisions of 28 U.S.C. § 2244(d)(2) to warrant tolling. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).  Hence, the respondents maintain that Newman did not timely file the instant § 2254 petition as the federal limitation period expired on April 24, 1997.

In light of the foregoing, the court entered an order advising Newman that he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1) and the law of this Circuit.  *Order of November 30, 2010 - Court Doc. No. 16* at pp. 2-5.  This order also provided Newman an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. Newman failed to file a response to this order.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines that no evidentiary hearing is required, *see* Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and

concludes the present habeas petition should be denied, as Newman failed to file the petition within the applicable one-year period of limitation.

## II.  DISCUSSION

### A.  The Mental Incompetence Claim

Newman alleges that he is actually innocent because he suffered from mental incompetence from the time before his arrest until the present and, therefore, lacked "sufficient present ability to assist in his defense by consulting with counsel with a reasonable degree of rational understanding of the facts and the legal proceedings against him. . . ."  (Doc. No. 1, pp. 2-3.)  To the extent that Newman alleges a violation of his right to substantive due process regarding his competency to stand trial, the court concludes that he is not entitled to relief in this case.[3]

Upon thorough review of the record in this case, the court concludes that Newman "has not presented clear and convincing evidence creating a real, substantial, and legitimate doubt as to his competence to stand trial, that he is not entitled to an evidentiary hearing, and that his substantive competency claim is without merit."  *Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir.), *cert. denied* 517 U.S. 1247, 116 S.Ct. 2505 (1996).

---

[3] To the extent the petitioner asserts an independent claim that he is actually innocent because he was mentally incompetent at the time of the offense, he is not entitled to the requested relief. "It is not this court's role to make an independent determination of a petitioner's guilt or innocence based on evidence [presented at trial or evidence] that has emerged since the trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact.'" *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002) (quoting *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993)).

4

The Due Process Clause of the Fourteenth Amendment prohibits states from trying and convicting mentally incompetent defendants. *James v. Singletary*, 957 F.2d 1562, 1569-70 (11th Cir.1992) (citing *Pate v. Robinson*, 383 U.S. 375, 384-86, 86 S.Ct. 836, 841-42, 15 L.Ed.2d 815 (1966); *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). The test for determining competence to stand trial is "whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402, 80 S.Ct. at 789.

A petitioner may make a substantive competency claim by alleging that he was, in fact, tried and convicted while mentally incompetent. *Id.* at 1571.... [H]owever, "a petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence." *Id.* A petitioner who presents "clear and convincing evidence" creating a "real, substantial and legitimate doubt" as to his competence to stand trial is entitled to a hearing on his substantive incompetency claim. *Id.* at 1573 (quoting *Fallada*, 819 F.2d at 1568 n. 1). To show entitlement to a postconviction evidentiary hearing on a substantive competency claim, "the standard of proof is high [and] the facts must positively, unequivocally, and clearly generate the legitimate doubt." *Card v. Singletary*, 981 F.2d 481, 484 (11th Cir.1992) (quotations omitted), *cert. denied*, 510 U.S. 839, 114 S.Ct. 121, 126 L.Ed.2d 86 (1993). A presumption of correctness attaches to a state court's finding of competence and a federal habeas court must determine that the finding is not "fairly supported by the record" before it may overturn the state court's decision. *Maggio v. Fulford*, 462 U.S. 111, 117, 103 S.Ct. 2261, 2264, 76 L.Ed.2d 794 (1983); *Card*, 981 F.2d at 484 n. 5 (citing *Demosthenes v. Baal*, 495 U.S. 731, 110 S.Ct. 2223, 109 L.Ed.2d 762 (1990)). . . .

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Id.* at 487-88 (quoting *United States ex rel. Foster v. DeRobertis*, 741 F.2d 1007, 1012 (7th Cir.), *cert. denied*, 469 U.S. 1193, 105 S.Ct. 972, 83 L.Ed.2d 975 (1985)). Similarly, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior

5

> can be equated with mental incompetence to stand trial. *McCune v. Estelle,*
> 534 F.2d 611, 612 (5th Cir.1976). The fact that a defendant has been treated
> with anti-psychotic drugs does not *per se* render him incompetent to stand trial.
> *Fallada,* 819 F.2d at 1569.

*Medina*, 59 F.3d at 1106-1107; *Vogt v. United States*, 88 F.3d 587, 591 (8th Cir. 1996) (same).

The aim of requiring that a "criminal defendant be competent ... [is] to ensure that he has the capacity to understand the proceedings and to assist counsel." *Godinez v. Moran*, 509 U.S. 389, 402, 113 S.Ct. 2680, 2688 (1993). The competency standard for waiving the right to counsel is the same as the competency standard for standing trial. *Godinez*, 509 U.S. at 397, 113 S.Ct. at 2685. "The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the ***ability*** to understand the proceedings.... The purpose of the 'knowing and voluntary' inquiry, by contrast, is to determine whether the defendant actually ***does*** understand the significance and consequences of a particular decision and whether the decision is uncoerced...." *Godinez*, 509 U.S. at 401 n.12 (citations omitted). "[A] court is [not] required to make a competency determination in every case in which a defendant seeks ... to waive his right to counsel. As in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence." *Godinez*, 509 U.S. at 401 n.13 (citations omitted). "A trial court's failure to inquire into competency, *sua sponte*, where there is reason to doubt a defendant's competency, violates due process because it deprives the defendant of his right to a fair trial.

*Drope [v. Missouri]*, 420 U.S. [162,] 172, 95 S.Ct. 896 [(1975)]; *Pate*, 383 U.S. at 385-86, 86 S.Ct. 836. But barring indicia of incompetence, due process does not require that a competency hearing be held. *Godinez*, 509 U.S. at 402 n.13, 113 S.Ct. 2680." *Taylor v. Horn*, 504 F.3d 416, 433 (3rd Cir. 2007).

The record demonstrates that Newman, acting *pro se*, filed several post-conviction petitions challenging his capital murder conviction. (Respondents' Exh. No. 4-10). He is likewise proceeding before this court without assistance of counsel. The evidentiary materials also indicate that Newman received an independent psychological evaluation before his trial.[4] (Respondents' Ex. No. 3; Doc. No. 48-2, Respondents' Ex. 13, R. 140.) In addition, the Alabama Court of Criminal Appeals affirmed the Houston County Circuit Court's determination that Newman failed to prove by a preponderance of the evidence his incompetence to stand trial. (Respondents' Ex. 10.)

---

[4] The certified forensic examiner concluded:

Mr. Newman currently appears able to communicate effectively and seems in no acute psychological distress. He has not exhibited abnormal or unusual behavior in over eight months of incarceration at the Houston County Jail and tests results are not indicative of psychotic symptoms. However, his report of social history, his clinical presentation, and tests results suggests the defendant may suffer from a Mixed Personality Disorder. Notwithstanding, his trial competency abilities appear totally unimpaired.

. . . Results of the Mental State at the Time of the Offense inquiry suggests that Mr. Newman's behavior at the time of the incident was significantly influenced by alcohol intoxication and various reality-based negative emotions associated with the victim. The impact of reported possible psychiatric symptoms was unclear.

(Doc. No. 48-2, Respondents' Ex. 13, R. 145.)

"A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)." *Price*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852; *Williams*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518.  Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, the Supreme Court held:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523.

The  Court subsequently explained that habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' ... clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme

Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853. Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams*, [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'").  Thus, a federal court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of such decision.  *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an **unreasonable** application of federal law is different from an **incorrect** application of federal law."  *Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original).  "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  529 U.S. at 411, 120 S.Ct. at 1522.

Federal district courts are likewise directed to determine whether the state court based

its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639, 123 S.Ct. at 1852.  The Supreme Court further admonishes that any such *de novo* evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)...." 538 U.S. at 636, 123 S.Ct. at 1851.  As is clear from the foregoing, a federal "district court's review ... [of claims decided by the state courts] is greatly circumscribed and highly deferential to the state courts." *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2007).  The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Newman bases his incompetence claim on his allegation that he underwent psychiatric treatment during his imprisonment at an Alabama Department of Corrections facility.  In a his state post-conviction petition, Newman also alleged that his incompetence is based on medical records demonstrating that he suffers from an unspecified personality disorder

10

involving paranoid, avoidant and borderline traits and that his intelligence quotient level of 81 falls within the low average range of general intelligence. (*Id*., p. 2.) As noted in *Medina*, a case involving a petitioner diagnosed as suffering from paranoid schizophrenia and/or other depression related psychosis, "'[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.' [*Card*, 981 F.2d] at 487-88 (quoting *United States ex rel. Foster v. DeRobertis,* 741 F.2d 1007, 1012 (7th Cir.), *cert. denied*, 469 U.S. 1193, 105 S.Ct. 972, 83 L.Ed.2d 975 (1985)). Similarly, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial. *McCune v. Estelle,* 534 F.2d 611, 612 (5th Cir. 1976). The fact that a defendant has been treated with anti-psychotic drugs does not *per se* render him incompetent to stand trial. *Fallada*, 819 F.2d at 1569." 59 F.3d at 1107; *Battle v. United States*, 419 F.3d 1292, 1299 n.9 (11th Cir. 2005) (Defendant's courtroom outbursts, odd behavior and history of mental illness do not mandate a finding of incompetency. Moreover, "mental illness, as a matter of law, does not preclude a finding of competency to stand trial.").

In light of the foregoing and upon extensive review of the record, the court concludes that the evidence submitted by Newman does not positively, unequivocally and clearly generate a legitimate doubt as to either Newman's competence at the time of the offense or his competence to stand trial.

Upon thorough review of the record in this case, including the trial transcript, the documents filed by Newman *pro se* in various court proceedings, and the psychological report prepared by Dr. Michael T. D'Errico, this court concludes that Newman "has not presented clear and convincing evidence creating a real, substantial, and legitimate doubt as to his competence [at the time of the offense] or to stand trial, ... and that his substantive competency claim is without merit." *Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir.), *cert. denied* 517 U.S. 1247, 116 S.Ct. 2505 (1996).

The Houston County Circuit Court and the Alabama Court of Criminal Appeals did not decide Newman's mental incompetence claims "differently than [the Supreme] Court has [in a case based] on a set of materially indistinguishable facts" nor did the state trial court apply a rule that contradicts governing federal law. *Williams v. Taylor*, 529 U.S. at 413, 120 S.Ct. at 1523. Consequently, the rejection of this claim by the state court was not contrary to actual Supreme Court decisions. Moreover, a thorough review of the evidentiary materials submitted in this case establishes that the state court's denial of Newman's claims challenging his mental competency was objectively reasonable. The decision issued by the Alabama Court of Criminal Appeals also constituted a reasonable determination of the facts in light of the evidence presented by the parties. Newman is therefore due no relief from this court on any claims regarding his mental competency.

### C.  Actual Innocence – Gateway to Excuse Time Bar

Newman maintains that his failure to file his federal habeas petition in a timely manner should be excused because he is actually innocent due to his mental incompetence. This court must determine whether Newman has made a showing of actual innocence before addressing whether the claims for federal habeas relief are barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id.* at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy

13

eyewitness accounts, or critical physical evidence -- that was not presented at trial.  Because

such evidence is obviously unavailable in the vast majority of cases, claims of actual

innocence are rarely successful."  513 U.S. at 324.

It is clear the arguments presented by Newman do not constitute "new reliable

evidence" of his actual innocence nor has Newman demonstrated that any such evidence

exists to establish his actual innocence so as to meet the standard set forth by *Schlup*.  The

instant petition for federal habeas corpus relief is therefore properly analyzed under the

provisions of 28 U.S.C. § 2244(d)(1)(A).

### D.  The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on

April 24, 1996 and amended the habeas corpus statute to include a one-year period of

limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified

at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or laws
>> of the United States is removed, if the applicant was prevented
>> from filing by such State action;
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has been
>> newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

Newman was convicted of capital murder in the Circuit Court of Houston County, Alabama, on February 13, 1992, and sentenced to life imprisonment without the possibility of parole on March 4, 1992. Newman filed a direct appeal. The Alabama Court of Criminal Appeals reversed Newman's conviction on November 25, 1992. The Alabama Supreme

15

Court reversed and remanded the Court of Criminal Appeals' decision on May 21, 1993.  On July 7, 1995, the Alabama Court of Criminal Appeals affirmed Newman's conviction and sentence.  On November 17, 1995, the Alabama Supreme Court denied certiorari review, *see Newman v. State*, 728 So. 2d 672 (Ala. 1995), and the Alabama Court of Criminal Appeals issued its certificate of judgment. (Respondents' Ex. 3, pp. 1-4; Respondents' Ex. 10, pp. 1-2.)  By operation of law, Newman's 1992 conviction for capital murder became final on February 15, 1996 – ninety days after the Alabama Supreme Court denied certiorari – as this is the date on which the time expired for Newman to file a petition for writ of certiorari with the United States Supreme Court.  *Coates v. Byrd*, 211 F.3 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, Rules of the United States Supreme Court (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).

In light of the foregoing, it is clear that Newman's capital murder conviction became final prior to enactment of the AEDPA.  Thus, if the court applied the AEDPA retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Newman's conviction on February 17, 1997.  However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like

[Newman], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox*, 158 F.3d at 1211.  The Court further determined that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file a § 2254 petition and noted "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date." *Id*.

**(1) Equitable Tolling.**  Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002).  Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see also Helton v. Secretary  for the Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir. 2001).

Newman's claim that he suffers from mental incompetence does not justify equitable tolling of the limitation period, as Newman has failed to establish a causal connection between his alleged mental problems and his ability to file a timely federal habeas petition. *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005); *Bilbrey v. Douglas*, 124

Fed.Appx. 971, 973 (6th Cir.2005) (equitable tolling not applicable because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); *Green v. Hinsley*, 116 Fed.Appx. 749, 751 (7th Cir.2004) (equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir.2001) (petitioner's mere allegations of incompetency did not suffice to warrant equitable tolling of the limitations period).   A petitioner must make a threshold showing of incompetence, *see Calderon v. United States District Court for the Central District of California*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), and demonstrate that the alleged incompetence affected his ability to file a timely habeas petition.   *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 618 (3rd Cir. 1998).   Thus, the mere fact Newman complains he suffers from mental impairments, without more, is insufficient to justify equitable tolling.   *Lawrence*, 421 F.3d at 1227; *Lake v. Arnold*, 232 F.3d 360, 371 (3rd Cir. 2000) (mental incompetence, standing alone, not sufficient reason to toll limitation period).

Other than his bare allegation of mental impairments, Newman presents nothing to this court which indicates that these alleged impairments rendered him incompetent or incapable of preparing a federal habeas petition at any time during the running of the limitation period.   Moreover, the records of this court establish that Newman filed several state post-conviction petitions challenging his capital murder conviction while proceeding *pro se*.   In light of the foregoing, the court concludes that Newman has failed to demonstrate

that his mental health status in any way adversely affected his ability to file a timely federal habeas petition.  Consequently, equitable tolling is not warranted due to Newman's alleged mental incompetence.

To the extent Newman contends that he possesses a limited knowledge of the law and proceeded without counsel in this cause of action, he has failed to demonstrate extraordinary circumstances justifying the tolling of the limitations period.  The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a  *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's *pro se* status

throughout majority of limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

To the extent Newman contends that he received ineffective inmate legal assistance, his contention fails to demonstrate extraordinary circumstances which warrant equitable tolling of the limitations period. A petitioner has no right to legal assistance in a habeas action and, thus, neither his perceived need to rely nor actual reliance on the assistance of an inmate clerk establishes extraordinary circumstances necessary to excuse the untimely filing of a petition. *See Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), cert. denied, 498 U.S. 834 (1990) (poor advice from inmate law clerks during collateral proceedings will not establish petitioner's claim of cause for a procedural default as there is no right to legal counsel in such proceedings); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001) ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."); *Glover v. Giles*, No. 1:09cv670-MEF, 2011 WL 4834268, *2 (M.D. Ala. 2011). This court therefore concludes that Newman has presented no circumstances, extraordinary or otherwise, which entitle him to equitable tolling of the limitation period.

**(2) Statutory Tolling.** Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Newman filed five state post-conviction petitions pursuant to ALA.R.CRIM.P 32 in September 1997, March 1999, January 2000, March 2006, and February 2010.[5] (Respondents' Ex. 4-11.) These actions, however, did not toll the one-year period of limitation applicable to the instant federal petition as they were filed after the one-year period of limitation had expired. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 2244(d)(2). While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has

---

[5] The Respondents incorrectly state that the petitioner's first state post-conviction petition was filed on September 27, 1995. (Doc. No. 15, Respondents' Brief, p. 4.) Although the State indicated in a motion to remand that the petitioner filed his Rule 32 petition on September 27, 1995, this reference appears to be a typographical error. The records of both the Alabama Court of Criminal Appeals and the Houston County Circuit Court indicate that Newman filed his first state post-conviction petition on September 11, 1997. (Respondents' Ex. 5, p. 2.)

expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). The tolling provision provided in § 2244(d)(2) is therefore unavailing.

**(3) Expiration of the Limitation Period.**

Based on the foregoing analysis, the court concludes that Newman has failed to establish any basis for either equitable or statutory tolling of the period of limitation. Newman filed the instant petition for federal habeas corpus relief on September 22, 2010. Under the undisputed facts and circumstances of this case, the time allowed Newman for filing a federal habeas petition expired on April 24, 1997. The limitation period therefore lapsed over thirteen years prior to Newman filing this federal habeas action and Newman has failed to demonstrate why his petition should not be dismissed as untimely filed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas relief filed by Johnny Jesse Newman be denied as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before May 15, 2012, the parties may file objections to the

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 30th day of April, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE